IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER BROWN, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 22-5259 |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH, PA and CITY OF PHILA, | : | |
| | : | |
| Respondents. | : | |

**ORDER**

**AND NOW**, this 21st day of April, 2023, after considering the amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by the *pro se* petitioner, Alexander Brown ("Brown") (Doc. No. 14), Brown's motion for a temporary restraining order (Doc. No. 17), the state court record, and the report and recommendation by United States Magistrate Judge Lynne A. Sitarski (Doc. No. 19),[1] it is hereby **ORDERED** as follows:

1. The Honorable Lynne A. Sitarski's report and recommendation (Doc. No. 19) is **APPROVED** and **ADOPTED**;[2]

---

[1] Judge Sitarski filed the report and recommendation on March 23, 2023. *See* Doc. No. 19. Per the applicable statute and Local Civil Rule, Brown had 14 days from the date of filing to file objections to the report and recommendation. *See* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); E.D. Pa. Loc. Civ. R. 72.1(IV)(b) ("Any party may object to a magistrate judge's proposed findings, recommendations or report . . . within fourteen (14) days after being served with a copy thereof."). Thus, he had until April 6, 2023, to file objections.
  On April 14, 2023, the court learned that Brown never received a copy of the report because he had been discharged. *See* Doc. No. 21. Although individuals in the clerk's office attempted to locate Brown in both the City of Philadelphia and Commonwealth of Pennsylvania's incarcerated persons' locators, *see* City of Philadelphia Incarcerated Person Locator, https://incarceratedperson-locator.phila.gov/#; Commonwealth of Pennsylvania Department of Corrections Inmate/Parolee Locator, https://inmatelocator.cor.pa.gov/#, they were unable to locate him at any correctional facility. At bottom, due to Brown's discharge he had no opportunity to submit objections to the report. Nevertheless, for the reasons stated below—namely Brown's release from prison—the court finds that Brown's lack of receipt should have no bearing on its ultimate decision to deny Brown's writ of habeas corpus.

[2] Brown's amended petition for writ of habeas corpus arose out of three separate criminal actions against him. *See* R. & R. at 1–2, Doc. No. 19. At the time that Judge Sitarski filed her report, one action had already been dismissed for lack of prosecution. *See id.* at 2–3. Thus, Judge Sitarski recommended the dismissal of Brown's amended habeas petition as to said action as moot. *See id.* at 8. The court finds this reasoning sound and adopts that recommendation. *See Congo v. County of Philadelphia*, No. 18-4554, 2019 WL 2635696, at *1 (E.D. Pa. May 6, 2019) (dismissing as moot petition regarding criminal charge because charge was ultimately dropped), *report and recommendation adopted by* 2019 WL 2931290 (E.D. Pa. June 27, 2019).

2. The amended petition for a writ of habeas corpus (Doc. No. 14) is **DISMISSED AS MOOT**;

3. The motion for a temporary restraining order (Doc. No. 17) is **DISMISSED AS MOOT**;

4. The court **DECLINES** to issue a certificate of appealability;[3]

5. The clerk of court is **DIRECTED** to remove this matter from suspense and return it to undersigned's active docket; and

6. The clerk of court shall **MARK** this matter as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

Since the filing of the report, Brown's other criminal actions have also been dismissed for lack of prosecution, resulting in Brown's release from prison. *See* Docket, *Commonwealth v. Brown*, No. MC-51-CR-6318-2022 (Phila. Cnty. Mun. Ct.), *available at* https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=MC-51-CR-0006318-2022&dnh=2cDF0mwsYHkfl7jgzrncmw%3D%3D (indicating that Municipal Court dismissed charges against Brown for "LOP" on March 30, 2023, and that Philadelphia Department of Prisons released Brown from incarceration on same date); Docket, *Commonwealth v. Brown*, No. MC-51-CR-6319-2022 (Phila. Cnty. Mun. Ct.), *available at* https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=MC-51-CR-0006319-2022&dnh=7K2mMe4Hqe8CvxFK8b9CAQ%3D%3D (same). Consequently, while the court views the report's findings as persuasive regarding these two actions, the court ultimately finds that it can dismiss the amended petition with regard to these two actions simply as moot in light of the dismissal of the charges against Brown and his subsequent release from incarceration. Overall, because the three criminal actions raised in Brown's amended petition have been dismissed, the court dismisses the entirety of Brown's amended habeas corpus petition as moot. *Cf. Piskanin v. Krysevig*, 349 F. App'x 683, 685 (3d Cir. 2009) (per curiam) (affirming district court's order dismissing habeas petition as moot where Commonwealth had *nolle prossed* petitioner's charges). Additionally, the court dismisses Brown's accompanying motion for a temporary restraining order as moot.

[3] A court should only issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If, however, the district court

> denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id*. Here, Brown has not demonstrated that reasonable jurists would find the issues discussed above to be debatable.